IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SHERRY M. JENSEN,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>MICHAEL J. ASTRUE, in his capacity as Commissioner of Social Security Administration,<br><br>　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:08CV117DAK |

　　　　This matter is before the court on Defendant's Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).  The court held a hearing on the motion on August 26, 2008.  At the hearing, Plaintiff was represented by John J. Borsos, and Defendant was represented by Thomas S. Inman.  The court has carefully considered the memoranda submitted by the parties, the arguments made by counsel at the hearing, and the law and facts relating to this matter.  Now being fully advised, the court renders the following Memorandum Decision and Order.

DISCUSSION

　　　　Defendant asserts that this court should dismiss Plaintiff's Complaint because she failed to file her Complaint within sixty days of receiving the Defendant's final decision.  On November 16, 2007, the Appeals Council denied Plaintiff's request for review of the

Administrative Law Judge's decision.  On that date, the Appeals Council mailed notice of its action to Plaintiff and Plaintiff's counsel.  The notice advised Plaintiff of her right to commence a civil action within sixty days from the date of receipt of the notice and that her receipt of the notice would be presumed to be five days after the date of the notice.  Plaintiff commenced the present action in this court on February 20, 2008.  Plaintiff never sought an extension from Defendant.

Under Section 205(g) of the Social Security Act, a civil action must be commenced "within sixty days after the mailing to him [or her] of notice of such decision or within such further time as the Commissioner may allow."  42 U.S.C. § 405(g).  The date of receipt is presumed to be five days after the date the notice is mailed unless there is a reasonable showing to the contrary made to the Appeals Council.  *See* 20 C.F.R. §§ 404.901, 422.210(c).  The sixty-day statute of limitations provided by Congress serves "to move millions of cases to speedy resolution in a bureaucracy that processes millions of cases annually."  *Bowen v. City of New York*, 476 U.S. 467, 481 (1986).

In *Bowen*, the Supreme Court ruled that the sixty-day period in Section 205(g) is a period of limitation which can be equitably tolled by the Commissioner or the courts.  *Id.* at 482. "Federal courts have typically extended equitable relief only sparingly.  We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."  *Id.*

In *Jackson v. Astrue*, 506 F.3d 1349 (11th Cir. 2007), the court recognized that "traditional equitable tolling principles require a claimant to justify her untimely filing by a showing of

extraordinary circumstances." *Id.* at 1353; *see also Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) ("The doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that 'he has been pursuing his rights diligently'" and that 'some extraordinary circumstance stood in his way.'" (citation omitted)).  The extraordinary circumstances standard "may be met 'where the defendant misleads the plaintiff, allowing the statutory period to lapse; or when the plaintiff has no reasonable way of discovering the wrong perpetrated against her.'" *Jackson*, 506 F.3d at 1353 (citation omitted).  Courts have also recognized that the standard could be met by extraordinary circumstances that were beyond the plaintiff's control.  *Id.* at 1353-54.  Thus, the equitable tolling standard that must be met when a claimant files suit in district court is much more demanding than the "good cause" standard used in cases where a claimant is requesting that the Appeals Council extend the deadline.  *Id.* at 1355.

In this case, Plaintiff has not met her burden of demonstrating that extraordinary circumstances prevented her from timely filing her case in this court or seeking an extension from Defendant.  Plaintiff does not allege any misconduct on the part of Defendant.  Plaintiff asserts that her former attorney untimely informed her that he was withdrawing from her case.  Even accepting Plaintiff's assertions as true, Plaintiff's former counsel notified her of his withdrawal twelve to thirteen days before the deadline.  The court cannot conclude that Plaintiff's change in counsel constitutes extraordinary circumstances.  Plaintiff had a duty to diligently pursue her claims.  Moreover, she had the ability to seek an extension of the deadline from the Commissioner, which she did not attempt even after she obtained new counsel.  The standard for obtaining a good cause extension from the Appeals Council is not applicable in this case because she never sought an extension.  Because she did not comply with the statutory

deadline for commencing a civil action in this court, this court lacks subject matter jurisdiction over Plaintiff's Complaint. Accordingly, the court grants Defendant's motion to dismiss.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED. Plaintiff's Complaint is dismissed with prejudice, each party to bear its or her own costs.

DATED this 27th day of August, 2008.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge